UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL JOSHUA NUBIA NJAFUH,<br><br>Petitioner,<br><br>v.<br><br>TANYA ANDREWS,<br><br>Respondent. | No.  1:26-cv-03436-DAD-AC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTIONS AS MOOT<br><br>(Doc. Nos. 1, 2, 3) |

On May 4, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On May 6, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address in the opposition whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 5.)

On May 6, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order.  (Doc. No. 7.)  In that opposition, respondent states that petitioner was previously admitted to the United States on a student visa in 2019 and he is therefore subject to detention pursuant to 8 U.S.C. § 1226(a).  (*Id.* at 2.)  Respondent argues that § 1226(a) requires

1

that petitioner request a bond hearing and that he has failed to exhaust that administrative remedy in that regard.  (*Id.* at 3–4.)  The court rejects this argument for the same reasons it was rejected in *Hernandez Burruel v. Murray*, No. 1:25-cv-01569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025) ("[T]he court observes that respondents' argument regarding whether petitioner has requested a bond hearing through administrative channels would appear to be at least arguably disingenuous where petitioner's filing of this action and motion for a temporary restraining order has obviously put respondents on notice of petitioner's request [.]").

Based upon a review of the briefing and the documents attached thereto, the facts are as follows.  On March 7, 2019, petitioner entered the United States on a student visa.  (Doc. No. 7-1 at 4.)  At some point thereafter, his student visa was terminated and petitioner was placed on Temporary Protected Status ("TPS").  (*Id.* at 2.)  Petitioner's TPS status was terminated on either December 7, 2023 or June 7, 2025.  (*Id.* at 2, 4.)  In June 2025, petitioner filed an application for asylum, which remains pending, and was approved for a work permit.  (Doc. Nos. 1 at 5; 7-1 at 2 (referring to pending I-589 application for asylum).)  On March 23, 2026, petitioner encountered immigration authorities while in custody at the Denton County Jail and was re-detained.  (Doc. No. 7-1 at 4.)

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB (HC), 2026 WL 788112 (E.D. Cal. Mar. 20, 2026), in which the court concluded that the petitioner, who had entered the United States on a visa and subsequently filed an application for asylum, acquired a protected liberty interest in his continued release where the respondents had chosen not to detain the petitioner upon expiration of the visa.  Similarly here, petitioner's application for asylum has been pending for nearly a year and his TPS status was terminated on June 7, 2025.  Respondent did not detain petitioner at that time, thus providing him with a liberty interest such that due process entitles him to a pre-deprivation hearing prior to any re-detention. *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *3 (N.D. Cal. Feb. 25, 2026).  Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

/////

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Joel Joshua Nubia Njafuh, A-File No. 231-756-656, from respondent's custody on the conditions, if any, he was subject to prior to his detention on March 23, 2026;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) and motion for appointment of counsel (Doc. No. 3) are hereby DENIED as having been rendered moot in light of this order granting his petition for habeas relief on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 14, 2026**             _Dale A. Drozd_____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE